# EXHIBIT 1

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF WESTCHESTER**

| | |
|---|---|
| Darren Wolfberg, | Index No.: |
| | Date Purchased: |
| Plaintiff, | |
| | **SUMMONS** |
| v. | |
| | **Basis of Venue:** |
| JP Morgan Chase Bank N.A., Trans Union, LLC, Experian Information Solutions, Inc. and Equifax Information Services, LLC, | **CPLR §509:** Venue designated by Plaintiff. |
| | **CPLR §503(a):** Plaintiff's principal place of residence |
| Defendants. | |

**TO THE ABOVE-NAMED DEFENDANT(S):**

**YOU ARE HEREBY SUMMONED**, to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance, on Plaintiff's Attorneys within 20 days after the service of this summons, exclusive of the day of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York).

**YOU ARE HEREBY NOTIFIED THAT**, should you fail to answer, a judgment will be entered against you by default for the relief demanded in the complaint.

Dated: Uniondale, New York
December 7, 2023

**Defendants Addresses:**

JP Morgan Chase Bank N.A
1111 Polaris Parkway
Columbus, Ohio 43240
Registered Agent:
28 Liberty Street, New York, NY 10005

Equifax Information Services, LLC
1550 Peachtree Street
NW Atlanta, GA 30309
Registered Agent:
The Corporation Service Company
80 State Street, Albany, NY 12207

**SANDERS LAW GROUP**

By: */s Alain Cesar*
Alain Cesar, Esq.
333 Earle Ovington Boulevard, Suite 402
Uniondale, New York 11553
Email: acesar@sanderslaw.group
Office: (516) 203-7600
Direct: (516) 203-7612
Fax: (516) 282-7878
*Attorneys for Plaintiff*
Our File No.: 128889

1

Experian Information Solutions, Inc.
475 Anton Blvd.
Costa Mesa, CA 92626
Registered Agent:
CT Corporation System
28 Liberty Street, New York, NY 10005

Trans Union LLC
555 W. Adams Street
Chicago, IL 60661
Registered Agent:
The Prentice-Hall Corporation System
80 State Street, Albany NY 12207

2

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF WESTCHESTER**

| | |
|---|---|
| Darren Wolfberg,<br><br>          Plaintiff,<br><br>          v.<br><br>JP Morgan Chase Bank N.A., Trans Union, LLC, Experian Information Solutions, Inc. and Equifax Information Services, LLC,<br><br>          Defendants. | Index No:<br><br>**COMPLAINT** |

Plaintiff Darren Wolfberg ("*Plaintiff*"), by and through the undersigned counsel, complains, states and alleges against JP Morgan Chase Bank N.A ("*Chase*" or *"Furnisher Defendant"*), Experian Information Solutions, Inc. ("*Experian*"), Equifax Information Services, LLC ("*Equifax*") and Trans Union LLC ("*Trans Union*") (Experian, Equifax and Trans Union may be hereinafter collectively referred to as "*CRA Defendants*") (Furnisher Defendant and CRA Defendants may be hereinafter collectively referred to as "*Defendants*") as follows:

### INTRODUCTION

1.      This action seeks to recover for violations of the Fair Credit Reporting Act (the "*FCRA*"), 15 U.S.C. § 1681 *et seq.*, and the New York Fair Credit Reporting Act, NY CLS General Business Law Section § 380 *et seq. ("NY FCRA")*.

2.      This action seeks relief against CRA Defendants for reporting inaccurate and/or misleading information on Plaintiff's credit report in violation of § 1681e(b); and for CRA Defendants' failure to conduct a reasonable investigation into Plaintiff's disputes in violation of § 1681i(a).

3.      This action also seeks relief against CRA Defendants pursuant to NY FCRA § 380-F for failing to comply with the proper procedures for resolving disputes after a consumer disputes an item and failing to promptly remove inaccurate and/or misleading information.

4.      This action seeks relief against Furnisher Defendant for violations of the Fair Credit Reporting Act under 15 U.S.C. § 1681s-2(b), for its failure to conduct a reasonable and/or good

3

faith investigation into Plaintiff's notice of disputes and failing to delete, correct or block the inaccurate information.

5.      Plaintiff seeks an Order enjoining Defendants' injurious conduct and to recover, *inter alia*, statutory damages, prejudgment and post-judgment interest, and reasonable attorneys' fees and expenses for injuries suffered as a result of Defendants' erroneous reporting of inaccurate information in Plaintiff's consumer background reports.

6.      As a result of Defendants' conduct in misreporting and failing to reasonably investigate the dispute and correct inaccuracies, Plaintiff has sustained actual damages including, but not limited to: a decreased credit score; decreased credit worthiness and credit capacity; emotional and mental pain due to the anxiety and stress of the negative credit impact of the errors at issue despite taking steps to resolve it; the dissemination of this inaccurate reporting to third party prospective creditors and the denial of credit.

7.      Plaintiff seeks to recover monetary damages for Defendants' violations of the FCRA and to have an Order issued by this Court enjoining Defendants from persisting in their violative behaviors.

## JURISDICTION AND VENUE

8.      This Court has jurisdiction over the action pursuant to §§ 301 and 302 of the New York Civil Practice Law and Rules ("*CPLR*") in that Defendants conduct business in the State of New York and have purposely availed themselves of the privilege of conducting business in the State of New York.

9.      Venue is appropriate in Westchester County pursuant to CPLR § 503(a) because Plaintiff resides within such County and a substantial part of the events and omissions giving rise to Plaintiff's claim occurred within the Court's jurisdiction.

## PARTIES

10.     Plaintiff Darren Wolfberg is an adult who is a citizen of the State of New York residing in Westchester County, New York.

11.     Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1681a(c) and NY FCRA § 380-a(b).

12.     Defendant Chase is a national bank with a principal place of business located at 1111 Polaris Parkway, Columbia, Ohio 43420.

4

Case 7:24-cv-00421 Document 1-1 Filed 01/19/24 Page 6 of 19

13.     Defendant Chase is a "furnisher of information" (hereinafter "*Furnisher*") as that term is defined by 15 U.S.C. § 1681s-2(b).

14.     Defendant Equifax is a Georgia limited liability company which has a principal place of business located at 1550 Peachtree Street, NW, Atlanta, GA 30309.

15.     Defendant Equifax Information Services, LLC, is a subsidiary of Equifax, Inc. and qualifies as a consumer reporting agency (hereinafter "*CRA*"), as defined under 15 U.S.C. § 1681a(f) and NY FCRA § 380-A(e), that regularly conducts business in this judicial district.

16.     Defendant Equifax by contractual agreement, disseminates consumer background reports for remuneration to third parties.

17.     Defendant Experian is an Ohio corporation which has a principal place of business located at 475 Anton Blvd., Costa Mesa, CA 92626.

18.     Defendant Experian is a CRA as defined under 15 U.S.C. § 1681a(f) and NY FCRA § 380-A(e), that regularly conducts business in this judicial district.

19.     Defendant Experian by contractual agreement, disseminates consumer background reports for remuneration to third parties.

20.     Defendant TransUnion is an Illinois limited liability company which has a principal place of business located at 555 W. Adams Street, Chicago, IL 60661.

21.     Defendant TransUnion is a CRA as defined under 15 U.S.C. 1681a(f) and NY FCRA § 380-A(e), that regularly conducts business in this judicial district.

22.     Defendant TransUnion by contractual agreement, disseminates consumer background reports for remuneration to third parties.

### SUBSTANTIVE ALLEGATIONS OF FCRA

23.     Congress enacted § 1681 *et seq.* of Title 15 of the United States Code, § 1681(a) of which states as follows:

> (1)     The banking system is dependent upon fair ***and accurate*** credit reporting. ***Inaccurate credit reports directly impair the efficiency of the banking system***, and unfair credit reporting methods undermine the public confidence which is essential to the continued functioning of the banking system.

> (2)     An elaborate mechanism has been developed for investigating and evaluating the credit worthiness, credit standing, credit capacity, character, and general reputation of consumers.

5

(3)     Consumer reporting agencies have assumed a vital role in assembling and evaluating consumer credit and other information on consumers.

(4)     There is a ***need to insure that consumer reporting agencies exercise their grave responsibilities with fairness***, impartiality, and a respect for the consumer's right to privacy.

(Emphases added).

24.     FCRA mandates that CRAs adhere to the following duties: (i) to assure maximum possible accuracy of information when preparing consumer reports and to set up reasonable policies procedures to maintain compliance with this minimum reporting standard; and (ii) to reinvestigate the facts and circumstances surrounding a dispute by consumers and to appropriately and timely correct any inaccuracies, including by quickly notifying the furnisher and any other parties in the distribution chain of the disputed inaccuracies.

25.     CRAs compile, maintain, and report information concerning the creditworthiness, credit-standing, credit capacity, character, and general reputation of consumers, including Plaintiff. That information is then made available for use by third parties in credit transactions involving consumers, for employment purposes, for the underwriting of insurance for consumers, and even housing.

26.     Plaintiff has a legally protected interest in the Defendants fulfilling their duties under the FCRA so that the credit information being furnished and reported by them is maintained fairly, with the maximum levels of confidentiality, accuracy, and relevancy.

27.     Plaintiff's injury is particularized and actual and is directly traceable to Defendants' conduct. The deprivation of Plaintiff's rights will be redressed by a favorable decision herein.

## FACTUAL ALLEGATIONS

28.     Defendants are reporting inaccurate and misleading information on Plaintiff's consumer credit reports with CRA Defendants.

29.     These inaccuracies have caused Plaintiff great stress, anxiety and lowered his credit scores by as much 164 points.

30.     On or about April 4, 2019, Plaintiff entered into a lease with Jaguar Land Rover North America, LLC ("Land Rover") ("2019 Lease Agreement") for a Range Rover which would expire three years later in April 2022.

6

Case 7:24-cv-00421   Document 1-1   Filed 01/19/24   Page 8 of 19

31.     The lease was funded and serviced by Chase and the account related to the 2019 Lease Agreement appears on Plaintiff's consumer reports with CRA Defendants as "JPMCB Auto".

32.     Plaintiff maintained all his monthly payments timely and fully pursuant to the 2019 Lease Agreement.

33.     Prior to the expiration of the 2019 Lease Agreement, following discussions with Land Rover, Plaintiff ordered a new vehicle from Land Rover.

34.     The delivery of the new vehicle faced a delay and was not scheduled to arrive until on or around June 2022, after Plaintiff's 2019 Lease Agreement would have already expired.

35.     As such, Plaintiff was given a six (6) month extension of the 2019 Lease Agreement to October 2022, to allow for delivery of the new vehicle and a smooth transition with the intention to end the lease upon receipt of the new vehicle.

36.     Due to circumstances outside of Plaintiff's control, Land Rover's new vehicle delivery date was delayed and Land Rover's representative informed Plaintiff that it would not arrive until October 7, 2022.

37.     Delays persisted and Land Rover provided Plaintiff a new delivery date of November 11, 2022.

38.     This news made Plaintiff concerned because the new vehicle would not arrive until after the lease extension period.

39.     Land Rover's representative assured Plaintiff that Land Rover was aware of the worldwide issue with their vehicles and that the lease would simply be extended again and would be month to month.

40.     As such, based on Land Rover's representation, Plaintiff continued to make timely monthly payments to the 2019 Lease Agreement while in anticipation of the new vehicle.

41.     Ultimately a vehicle was delivered that was not the correct model that Plaintiff ordered, causing yet another new order to have to be submitted which was not scheduled to arrive until July 2023.

42.     On or around March 2023, Plaintiff decided he could no longer await delivery of the new vehicle and he began looking for other car options.

43.     On May 6, 2023. Plaintiff financed a Tesla and traded in the Range Rover that was under the 2019 Lease Agreement.

7

44.    Upon information and belief, Chase agreed to the buyout of the vehicle with the Tesla Dealership.

45.    Upon information provided by Chase, they received two payments for the Land Rover as set forth below:

(1) $28,852.66 received by Chase on May 10, 2023.

(2) $323.07 received by Chase on June 9, 2023

46.    Plaintiff never missed a payment on the 2019 Lease Agreement and never violated the lease.

47.    Plaintiff maintains a pristine credit history and credit score.

48.    On or around May 17, 2023, Plaintiff was shocked to discover that his credit score plummeted by more than 164 points to below 700.

49.    The reason for the drop in score was directly due to Chase reporting that the JPMCB Auto account was charged off on Plaintiff's consumer credit reports.

50.    The status of the JPMCB Auto account and payment history reflected as a "charge off" for the months of May 2023 and June 2023.

51.    Chase received all requisite monthly payments on the 2019 Lease Agreement, as well as a full payoff of the Range Rover between the months of May and June 2023, when they reported the account as charged off.

52.    "A charge off, as defined in Black's Law Dictionary, is "[t]o treat (an account receivable) as a loss or expense because payment is unlikely; to treat as a bad debt."[2] It qualifies as a delinquency. See Wilson v. First Bank of Delaware, No. 10-cv-11345, 2010 WL 2696981, at *3 n.2 (E.D. Mich. July 7, 2010) ("Delinquency is defined as 'a debt that is overdue in payment.' ") (quoting Black's Law Dictionary). One court has explained that charging off a debt "is a business practice where a creditor writes off a debt and no longer considers the account balance an asset for accounting purposes." Christian v. Equifax Info. Servs., LLC, No. 18-cv-13682, 2020 WL 2087869, at *4 (E.D. Mich. Apr. 30, 2020). **Banks are in fact required under Federal Regulations to charge off debt that is past due by over 180 days**." See In re Anderson, 884 F.3d 382, 386 n.2 (2d Cir. 2018) (citing 65 Fed. Reg. 36,903, 36,904). (Emphasis added).

53.    Chase erroneously marked Plaintiff's JPMCB Auto account as charged off, despite the account never being delinquent, let alone 180 days past due.

54.    Plaintiff never breached any term of the 2019 Lease Agreement.

Case 7:24-cv-00421 Document 1-1 Filed 01/19/24 Page 10 of 19

55. Chase classifying the JPMCB Account as a charge off constitutes inaccurate reporting, because Plaintiff performed pursuant to the 2019 Lease Agreement and any and all of Chase's directives he received.

56. Chase classifying the JPMCB Account as a charge off constitutes misleading reporting because it misleads creditors to believe that Plaintiff was delinquent on the debt or that he breached the 2019 Lease Agreement in some manner.

57. Chase classifying the month of May 2023 as a charge off on the JPMCB Auto history is inaccurate and misleading because the account was current and there was no breach of the 2019 Lease Agreement by the Plaintiff.

58. Chase's classifying the month of June 2023 as a charge off on the JPMCB Auto history is inaccurate and misleading because the account was paid off in full that month and there was no breach of the 2019 Lease Agreement by the Plaintiff.

59. Plaintiff never received any correspondence from Chase or Land Rover indicating any issue with his use of the vehicle or receipt of his monthly payments.

60. Upon information and belief, Chase failed to maintain an accurate record of Plaintiff's personal information and as a result failed to send correspondence address or phone number.

61. On or about October 21, 2022, Plaintiff caused a dispute letter to be sent via certified mail to CRA Defendants informing them of the inaccuracies on the JPMCB Auto account (the "*FCRA dispute letter*").

62. The FCRA dispute letter also enclosed:
(1) A paid in full letter from Land Rover Financial Group, dated June 20, 2023, confirming that the Range Rover had been paid in full.
(2) An email excerpt between Plaintiff and the Land Rover representative in which Plaintiff was informed that the 2019 Lease Agreement would be month to month due to the vehicle delays.

63. Based upon United States Postal Service tracking information, CRA Defendants received the FCRA dispute letter.

64. Upon information and belief, CRA Defendants forwarded a notice of dispute and all relevant information regarding the FCRA dispute letter to Furnisher Defendant, within five

9

business days of receipt of same.

65.    Upon information and belief, Furnisher Defendant received the notice of dispute and all relevant information from CRA Defendants.

66.    Following Defendants' thirty (30) day FCRA investigation period, Defendants continued to inaccurately report the accounts as they had been.

67.    Upon information and belief, Defendants either failed to perform any investigation at all or performed an unreasonable investigation and erroneously verified the inaccurate account as accurate.

68.    Had Defendants performed a reasonable investigation, the account at issue would have had all "charge off" markings removed from the status fields and payment history or Chase would have deleted it as unverified.

69.    Upon information and belief, Chase failed to conduct any investigation beyond reviewing their internal computer system.

70.    Upon information and belief, Chase failed to reach out to Land Rover to discuss the matter in order to conduct a reasonable investigation.

71.    Alternatively, and, upon information and belief, CRA Defendants failed to provide Furnisher Defendant with the notice of dispute and all relevant information.

72.    Alternatively, and, upon information and belief, Furnisher Defendant provided CRA Defendants with the correct information and directives regarding the JPMCB Auto account including and not limited to removing any charge off remarks or deleting the account and CRA Defendants failed to properly process or furnish this data to Plaintiff's credit report.

73.    As such, CRA Defendants failed to practice reasonable procedures to assure maximum possible accuracy.

74.    As a result of Defendants' conduct in misreporting and failing to reasonably investigate the dispute and correct inaccuracies, Plaintiff has sustained actual damages including, but not limited to: a decreased credit score; decreased credit worthiness and credit capacity; wrongly inflated liabilities; emotional and mental pain due to the anxiety and stress of not being able to use and benefit from their credit due to this inaccurate reporting and the embarrassment and emotional pain of a credit denial and the dissemination of this inaccurate reporting to third parties.

75.    As a direct result of Defendants' inaccurate reporting of the charge off to Plaintiff's

10

JPMCB Auto account, Plaintiff was denied access to his home-equity line of credit ("HELOC") because of the drop in his score.

76.     As a result of Plaintiff's failure to access his HELOC, due to no fault of his own, he has lost financial opportunities and has been unable to purchase things he requires for his family.

77.     Plaintiff has incurred financial damages including having to liquidate funds from his life insurance fund.

78.     Plaintiff is experiencing stress and anxiety that is causing him to lose focus and he is less able to perform his daily job functions.

79.     Plaintiff has trouble falling asleep and staying asleep.

80.     Plaintiff is frightened and concerned that this blight will stay with him indefinitely and he will lose access to further opportunities as well as the ability to use his HELOC.

81.     Plaintiff has experienced and is experiencing mental anguish as he is often angry, distracted and speaks about this Chase issue often to his wife and it has become a source of discord and anxiety for his entire household.

82.     Plaintiff is emotionally devastated because he believes that he did everything he was supposed to do in following Land Rover's orders, including but not limited to paying his monthly bill and believes that he has been unfairly maligned or targeted.

83.     Defendants are also responsible for the out-of-pocket costs and time Plaintiff invested in requesting credit reports, hiring credit professionals and submitting dispute letters via certified mail.

**FIRST COUNT**
**CRA Defendants' Violations of the FCRA, 15 U.S.C. § 1681e(b).**

84.     Plaintiff repeats and realleges the foregoing paragraphs as if fully restated at length herein below.

85.     CRA Defendants systemically violated 15 U.S.C. § 1681e(b) by failing to adhere to, maintain and/or establish reasonable procedures to assure maximum possible accuracy in the preparation of Plaintiff's credit reports and credit files it published and maintained concerning Plaintiff.

86.     Upon receipt of Plaintiff's disputes, CRA Defendants were legally required to: (i) conduct a reasonable investigation or re-investigation into all the circumstances surrounding the

11

dispute; and (ii) when and if appropriate, remove any inaccurate information following the performance of the reasonable investigation.

87.     At a minimum, CRAs are required to mark the status of the tradeline/account as disputed on the consumer's background reports but Equifax and Trans Union failed to do so.

88.     Upon information and belief, CRA Defendants' conduct in the instant matter is representative of their normal policies and procedures (or lack thereof) for maintaining accurate credit reporting.

89.     In violation of §§ 1681e(b) and 1681(i), CRA Defendants failed to follow reasonable procedures to assure maximum possible accuracy of the information attributable to Plaintiff, by reporting inaccurate information in Plaintiff's consumer background report.

90.     Plaintiff disputed the inaccurate information and CRA Defendants knowingly or intentionally failed to perform a reasonable investigation to remove the inaccurate information.

91.     Plaintiff disputed the inaccurate information and CRA Defendants recklessly failed to perform a reasonable investigation to remove the inaccurate information.

92.     Alternatively, Plaintiff disputed the inaccurate information and CRA Defendants negligently failed to perform a reasonable investigation to remove the inaccurate information.

93.     As a result of CRA Defendants' violations of 15 U.S.C. § 1681, Plaintiff suffered actual damages which have been further described in the above statement of facts.

94.     In violation of § 1681o and § 1681n, CRA Defendants' conduct was a direct and proximate cause of Plaintiff's injury.

95.     CRA Defendants are liable to Plaintiff for their negligent and willful failures to follow reasonable policies and procedures.

96.     As a result of CRA Defendants' violations of 15 U.S.C. §§ 1681e(b) and 1681i, Plaintiff suffered statutory and actual damages as described herein and is entitled to recover actual damages and punitive damages, pursuant to 15 U.S.C. §§ 1681n and 1681o.

97.     For the foregoing reasons, CRA Defendants violated 15 U.S.C. § 1681e(b) and are liable to Plaintiff for actual damages, statutory damages, punitive damages, costs and attorney's fees in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and § 1681o.

**SECOND COUNT**
**CRA Defendants' Violations of the FCRA, 15 U.S.C. § 1681i *et seq.***

12

98.     Plaintiff repeats and realleges the foregoing paragraphs as if same were fully restated herein below.

99.     CRA Defendants violated 15 U.S.C. § 1681i(a)(1) by failing to conduct reasonable reinvestigations to determine whether the disputed information was accurate and record the current status of the disputed information or delete the item from Plaintiff's credit report.

100.    CRA Defendants violated 15 U.S.C. § 1681i(a)(1) by relying upon only a cursory review of basic information and deferring entirely upon Furnisher Defendant and merely parroting information received from the furnisher.

101.    CRA Defendants violated 15 U.S.C. § 1681i(a)(2)(A) by failing to provide Furnisher Defendant all of the relevant information regarding Plaintiff and his dispute.

102.    CRA Defendants violated 15 U.S.C. § 1681i(a)(4) by failing to review and consider all relevant information submitted by Plaintiff regarding the dispute.

103.    CRA Defendants violated 15 U.S.C. § 1681i(a)(5)(A) by failing to promptly delete the disputed inaccurate information from Plaintiff's credit file or correct the inaccurate information upon reinvestigation.

104.    CRA Defendants never: (i) contacted Plaintiff to follow up on, verify and/or elicit more specific information about Plaintiff's dispute; (ii) contacted any third parties that would have relevant information concerning Plaintiff's dispute; (iii) forwarded any relevant information concerning Plaintiff's dispute to Furnisher Defendant; or (iv) requested or obtained any credit applications, or other relevant documents from Furnisher Defendant. As such, there is no evidence of a reasonable investigation being conducted.

105.    As a result of CRA Defendants' violations of 15 U.S.C. § 1681, Plaintiff suffered actual damages which have been further described above in the statement of facts.

106.    CRA Defendants' violations were willful because they had knowledge of the issue after receiving a detailed dispute letter and/or exhibited a reckless disregard for the information provided in that dispute, rendering CRA Defendant individually liable for statutory and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

107.    In the alternative, CRA Defendants were negligent, which entitles Plaintiff to recovery under 15 U.S.C. § 1681o.

13

108. For the foregoing reasons, CRA Defendants violated 15 U.S.C. § 1681i and are liable to Plaintiff for actual damages, statutory damages, punitive damages, costs and attorney's fees in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and § 1681o.

### THIRD COUNT
### Furnisher Defendant's Violations of the FCRA, 15 U.S.C. § 1681s-2(b)

109. Plaintiff repeats and realleges the foregoing paragraphs as if same were fully restated herein below.

110. At all times pertinent hereto, Furnisher Defendant is a "person" as that term is defined by 15 U.S.C. § 168la(b) and a "furnisher of information" to the credit reporting agencies.

111. Furnisher Defendant has a duty to provide accurate information to consumer reporting agencies, and to correct inaccurate information after receiving notice of a credit dispute directly from a consumer. *See* 15 U.S.C. § 1681s-2(a).

112. Furnisher Defendant has an obligation under 15 U.S.C. § 1681s-2(b) to investigate a dispute after receiving notice of the disputed item from a consumer reporting agency.

113. FCRA requires furnishers, after receiving notice from a credit reporting agency that a consumer disputes information that is being reported by that furnisher to conduct an investigation with respect to the disputed information, to review all relevant information, to report the results of the investigation to the credit reporting agency, and, if the investigation reveals that the information is incomplete or inaccurate, to report those results to all other credit reporting agencies to which the furnisher has provided the inaccurate information.

114. On each occasion referenced in the above statement of facts where a dispute was sent to CRA Defendants, upon information and belief, CRA Defendants provided Furnisher Defendant the notice of dispute and all relevant information regarding the disputes.

115. Upon information and belief, on each occasion referenced in the above statement of facts where a dispute was sent to CRA Defendants, Furnisher Defendant received the notice of dispute and all relevant information regarding the disputes.

116. Upon information and belief, Furnisher Defendant violated 15 U.S.C. § 1681s-2(b)(1)(A) by failing to fully, reasonably and in good faith investigate Plaintiff's disputes.

117. Furnisher Defendant failed to correct or remove the inaccurate information from the account and credit report and report those results to all other credit reporting agencies to which the furnisher has provided the inaccurate information.

14

118. Upon information and belief, Furnisher Defendant's conduct in the instant matter is representative of its normal policies and procedures in responding to disputes by providing only a cursory review of basic information and failing to investigate any further or failing to investigate and remediate any errors entirely.

119. Furnisher Defendant violated § 1681s-2(b) by willfully failing to fully, properly and reasonably conduct an investigation of the inaccurate information that Plaintiff disputed.

120. Furnisher Defendant violated § 1681s-2(b) by willfully failing to review all relevant information concerning Plaintiff's account as provided.

121. Furnisher Defendant violated § 1681s-2(b) by willfully failing to report the results of its investigation of the inaccurate information to all credit reporting agencies.

122. Furnisher Defendant violated § 1681s-2(b) by willfully failing to modify or delete incomplete or inaccurate information or information it cannot verify in Plaintiff's file after conducting an investigation.

123. Furnisher Defendant violated § 1681s-2(b) by willfully failing to permanently block the reporting of the inaccurate information disputed by Plaintiff and continuing to report and furnish inaccurate or incomplete information in Plaintiff's file to credit reporting agencies.

124. Furnisher Defendant violated § 1681s-2(b) by willfully failing to comply with all requirements imposed on "furnishers of information" by 15 U.S.C. § 1681s-2(b).

125. Furnisher Defendant's conduct was willful in it they had direct knowledge that the information they were reporting was inaccurate and/or misleading, and despite receipt of valid FCRA dispute notice(s) from the consumer reporting agencies and directly from Plaintiff, continued to report the tradeline inaccurately.

126. Plaintiff's dispute made Furnisher Defendant aware of the arrangement brokered by Land Rover and upon information and belief, Furnisher Defendant failed to reach out to or contact them to investigate the FCRA dispute letter.

127. Alternatively, Furnisher Defendant exhibited a reckless disregard and unjustifiably high risk to Plaintiff when it received the FCRA dispute(s) and failed to conduct a reasonable investigation and failed to correct the credit reporting.

128. Furnisher Defendant violated § 1681s-2(b) by negligently failing to review all relevant information concerning Plaintiff's account as provided.

15

129. Furnisher Defendant violated § 1681s-2(b) by negligently failing to report the results of its investigation of the inaccurate information to all credit reporting agencies.

130. Furnisher Defendant violated § 1681s-2(b) by negligently failing to modify or delete incomplete or inaccurate information or information it cannot verify in Plaintiff's file after conducting an investigation.

131. Furnisher Defendant violated § 1681s-2(b) by negligently failing to permanently block the reporting of the inaccurate information disputed by Plaintiff and continuing to report and furnish inaccurate or incomplete information in Plaintiff's file to credit reporting agencies,

132. Furnisher Defendant violated § 1681s-2(b) by negligently failing to comply with all requirements imposed on "furnishers of information" by 15 U.S.C. § 1681s-2(b).

133. Further, Plaintiff suffered actual damages, further described in the above in statement of facts.

134. Furnisher Defendant is liable for statutory and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

135. Alternatively, Furnisher Defendant's conduct was negligent, failing to exercise reasonable care when it failed to conduct a reasonable investigation, thereby entitling Plaintiff to recover under 15 U.S.C. § 1681o.

136. For the foregoing reasons, Furnisher Defendant violated 15 U.S.C. § 1681s-2(b) and is liable to Plaintiff for actual damages, statutory damages, punitive damages, costs and attorney's fees in an amount to be determined by the Court pursuant to § 1681n and § 1681o.

## FOURTH COUNT
### CRA Defendant's Violations of the NY FCRA § 380

137. Plaintiff repeats and realleges the foregoing paragraphs as if same were fully restated herein below.

138. NY FCRA § 380-f(a) specifically provides that upon receipt of a consumer's dispute, a CRA promptly re-investigate and record the current status of such information and promptly notify the consumer of the result of its investigation, its decision on the status of the information and Plaintiff's rights pursuant to that section.

139. In addition, NY FCRA § 380-f(b) specifically provides that when a "consumer reporting agency finds that an item is in error or that it can no longer be verified, it shall:

(1) Promptly expunge the item and otherwise correct the file

16

Case 7:24-cv-00421 Document 1-1 Filed 01/19/24 Page 18 of 19

(2)     Refrain from reporting the item in subsequent consumer reports,

(3)     Clearly and conspicuously disclose to the consumer his rights to make a request for notification and upon request of the consumer, promptly notify any person designated by the consumer who has received information regarding the item during the previous year that an error existed and shall furnish such person with corrected information…"

140.     Here, a duty to conduct a reasonable investigation was triggered by CRA Defendants upon each receipt of any FCRA Dispute Letter referenced in the above statement of facts.

141.     CRA Defendants failed to conduct a reasonable investigation and failed to promptly correct the tradeline of the account at issue.

142.     CRA Defendants also failed to provide Plaintiff a notice of rights pursuant to NY FCRA § 380-f(b)(3).

143.     CRA Defendants' failure to adequately re-investigate these disputes despite being given the information constitutes a knowing or at a minimum a reckless disregard of their duties to Plaintiff.

144.     As such, CRA Defendants' violations were willful, rendering them liable for punitive damages in an amount to be determined by the court and attorney's fees pursuant to NY FCRA § 380-L.

145.     At a minimum, CRA Defendants' conduct was negligent in that they failed to use reasonable care and diligence in their obligations to the consumer rendering them liable for actual damages and attorney's fees pursuant to NY FCRA § 380-M.

146.     As a direct result of the above violations of the NY FCRA by CRA Defendants, Plaintiff suffered damages as described in the above statement of facts.

147.     As a result of the above violations of the NY FCRA, CRA Defendants are willfully and/or negligently liable to Plaintiff for actual damages, punitive damages, attorney's fees and costs pursuant to NY FCRA §§ 380-L and 380-M.

<u>**JURY DEMAND**</u>

148.     Plaintiff hereby demands a trial of this action by jury.

<u>**PRAYER FOR RELIEF**</u>

17

**WHEREFORE**, Plaintiff respectfully requests judgment be entered against Defendants, as follows:

a   Adjudging that Defendants' actions violated the FCRA;

b   Adjudging that CRA Defendants' actions violated the NY FCRA;

c   Enjoining Defendants from persisting in violative behaviors and requiring Defendants to correct or otherwise delete the accounts at issue in Plaintiff's credit report;

d   Granting Plaintiff actual damages against Defendants pursuant to 15 U.S.C. §§ 1681n(a)(1)(A) and 1681o(a);

e   Granting Plaintiff statutory damages against Defendants pursuant to 15 U.S.C. § 1681n(a)(1)(A);

f   Granting Plaintiff punitive damages against Defendants pursuant to 15 U.S.C. § 1681n(a)(2);

g   Granting Plaintiff costs and reasonable attorney's fees against the Defendants pursuant to 15 U.S.C. §§ 1681n(c) and 1681o(b);

h   Granting Plaintiff actual damages, punitive damages, attorney's fees and costs pursuant to NY FCRA §§ 380-L and 380-M;

i   Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law; and

j   Such other and further relief as the Court determines is just and proper.

DATED:     December 7, 2023
               Uniondale, New York

**SANDERS LAW GROUP**

By: */s Alain Cesar*
Alain Cesar, Esq.
333 Earle Ovington Boulevard, Suite 402
Uniondale, New York 11553
Email: acesar@sanderslaw.group
Office: (516) 203-7600
Direct: (516) 203-7612
Fax: (516) 282-7878
*Attorneys for Plaintiff*
Our File No.: 128889

18